# In the United States Court of Federal Claims

No. 22-541C
(Filed: September 8, 2022)
**NOT FOR PUBLICATION**

```
*****************************************
MICHELE GRAY,                           *
                                        *
              Plaintiff,                *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
              Defendant.                *
                                        *
*****************************************
```

## OPINION AND ORDER

Plaintiff Michele Gray — proceeding *pro se* — raises various claims arising from foreclosure of her home mortgage. *See* Compl. at 2–3 (ECF 1) (ECF pagination). The government has moved to dismiss. *See* Def.'s Mot. to Dismiss (ECF 8). Plaintiff has not filed a response and the time to do so has passed. The motion is **GRANTED**, and the case is **DISMISSED**.

Plaintiff's *pro se* Complaint — which I have reviewed — faces "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but it still must meet this Court's mandatory jurisdictional requirements, *Harris v. United States*, 113 Fed. Cl. 290, 292 (2013); *accord Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims against the federal government, most commonly money claims under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The burden is on Plaintiff to establish jurisdiction. *Ibrahim v. United States*, 112 Fed. Cl. 333, 336 (2013). For several reasons, Plaintiff has not met her burden.

First, this Court lacks jurisdiction over claims against entities other than the United States. *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Plaintiff's claims are directed at a private mortgage lender. *See* Compl. at 5–6. This Court cannot hear those claims.

Plaintiff fails to plead facts demonstrating she intended to seek relief against the United States. Plaintiff mentions Tucker Act jurisdiction over contractual claims, *id.* at 1, but does not actually allege that she had any contract with the United States, much less identify the contract or any breach by the government. Any contract, rather, was allegedly with the private lender. *Id.* at 36–37. Similarly, although this Court can hear claims that the United States breached a fiduciary duty, *Fairholme Funds, Inc. v. United States*, 26 F.4th 1274, 1296 (Fed. Cir. 2022), *cert. filed*, No. 22-100 (Jul. 22, 2022), Plaintiff alleges the private lender breached its duty, not the United States. *See* Compl. at 47.

Her real theory appears to be that the United States did not enforce laws against the private lender. *See id.* at 2. That of course is not a claim for money under the Court's Tucker Act jurisdiction, and no other source of law confers jurisdiction on this Court to address such a claim. If it has any legal basis at all, it could only be in equity or under the Administrative Procedure Act, and this Court lacks jurisdiction over those types of claims. *Brown*, 105 F.3d at 624; *Smalls v. United States*, 87 Fed. Cl. 300, 308 (2009) (collecting cases).

Second, this Court lacks jurisdiction to hear collateral attacks on, or appeals from, the decisions of other courts. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Robinson v. United States*, 135 Fed. Cl. 556, 558 (2017). Plaintiff appears to seek review of the decisions of several federal and state courts. *See* Compl. at 2. Such claims cannot be heard here. If Plaintiff has any recourse from those decisions, she must seek it through the applicable appellate processes, not here.

Third, even if Plaintiff did intend to seek relief from the United States, the sources of law Plaintiff does identify do not create causes of action over which this Court has jurisdiction. Plaintiff identifies twenty legal theories in her Complaint. *See* Compl. at 2, 19–48. Several allege torts such as defamation, infliction of emotional distress, and fraud — all outside this Court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1) (conferring jurisdiction over categories of cases "not sounding in tort"); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *cf. Tort, Black's Law Dictionary* (11th ed. 2019). Others allege violations of state laws, which are likewise outside the Court's jurisdiction. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007).

The federal statutes Plaintiff mentions are unhelpful for other reasons. Claims in this Court generally must be based on a "money-mandating" law, *i.e.*, a law that "can fairly be interpreted as mandating compensation by the Federal Government for

the damage sustained[.]" *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). Most federal statutes Plaintiff mentions — including civil forfeiture and provisions of the Dodd-Frank Act and the Americans with Disabilities Act — do not seem to satisfy that test, and Plaintiff presents no argument otherwise. *See, e.g.*, *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013). This Court also lacks jurisdiction over claims for money when Congress enacts a "comprehensive remedial scheme" assigning jurisdiction elsewhere. *See Horne v. Dep't of Agric.*, 569 U.S. 513, 527 (2013). Plaintiff's Social Security Act claim must be dismissed for that reason. *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990).

When claims over which this Court lacks jurisdiction are disregarded, nothing remains. In the absence of jurisdiction, the case must be dismissed.

For the foregoing reasons, the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Plaintiff's motion for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
